363 P.2d 75

Barbara MORTENSEN, Plaintiff
and Appellant,

v.

!FIRST SECURITY BANK OF UTAH, a cor-
poration, Defendant and Respondent.

No. 9429.

Supreme Court of Utah.

July 3, 1961.

Rawlings, Wallace, Roberts & Black, Salt Lake City, for appellant.

Ray, Quinney & Nebeker, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff sued for injury to her left thumb when it was caught in defendant's night depository. The trial court refused to allow her to recover, ruling that she proved no negligence of defendant; and that her own contributory negligence caused the injury. Accordingly it entered judgment against her, after, and notwithstanding a jury's verdict for her.[1] She appeals.

---

1. The court proceeded in accordance with Rule 50(b) U.R.C.P., which provides that when there is a motion for a directed verdict at the close of the evidence, which is not granted, the court is deemed to submit the action to the jury subject to later determination of the motion.

The night depository, as shown in the picture, consists mainly of a hollow bronze cylinder, a quadrant of which is cut out to allow access from one side so customers can put money in the bank after hours.

The customer is furnished a key which releases a pin permitting the cylinder to turn. Because the cutout portion is lighter, it revolves to the top. He then pushes down on the flywheel at left to fully open the aperture; inserts the deposit bag; then pushes up on the flywheel which rotates the cavity around and drops the money inside the bank.

On the evening of 30 November, 1959, plaintiff and her husband drove to her mother's business, The Rosana Shop, in the Southgate Shopping Center in the southern part of Salt Lake City. Because it was after closing time and the latter had some customers, she asked the plaintiff to take the day's receipts to the night depository of the defendant's branch bank nearby. While making the deposit, she proceeded as stated above except that as she rotated the flywheel upward the tip of her left thumb was afoul of the turning cylinder and was cut off.

It is not doubted that the plaintiff injured her thumb, nor that it was both painful and unfortunate. But that provides no basis for making another pay for it. It is so elementary as to hardly require exposition that this can be done only if the defendant was at fault in causing the injury. Before plaintiff could recover she had the burden of showing that the defendant was guilty of negligence: that is, that by some act or omission it failed in its duty to use reasonable care for the safety of persons in plaintiff's situation and thereby exposed them to an unreasonable risk of harm.[2]

To meet the above requirement she charged: that the defendant maintained this deposit box which would close of its own motion deceptively fast; and that it failed to warn users of such danger.

The evidence is that this depository is a simple, uncomplicated device the whole nature of which is open to the observation of the user. It is true that because the quadrant is cut out, the remaining portion is heavier, and when the key releases it, the cavity, being the lighter side, comes to the top. But it is undisputed that it does not close of its own motion and that it is necessary for the customer to push down on the flywheel to fully open the cavity and then to push up on the flywheel to close the cylinder. Plaintiff herself so admitted and further testified:

"Well, I had my hand over on the flywheel to push it back up. I was reaching over for the flywheel to push the money back up, and I thought my finger got pinched."

2. See Hillyard v. Utah By-Products Co., 1 Utah 2d 143, 263 P.2d 287, 289, and authorities therein cited.

**92**

We do not analyze the evidence as being reasonably susceptible of a finding that the depository "closed deceptively fast" or that there was any other defect or danger therein. There are no weights, gears or springs, and it is operated only by hand. The only way plaintiff or anyone else could get hurt is to turn the key, rotate the cylinder and put a finger in it. We therefore conclude that the trial court was correct in ruling: that the plaintiff failed to show negligence on the part of the defendant; and that the mishap was due to her own fault.

Affirmed. Costs to defendant (respondent).

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.